Good morning, your honors. My name is Michael Donahoe. I'm here on behalf of Mr. Dietz from the Federal Defender's Office in Helena. We bring a sentencing claim to the court today involving a double count between criminal history and a five-point enhancement. At the outset, I want to take responsibility for this error. My fault. I should have objected to the guideline calculation, and I readily concede that. And I think actually to make matters worse for Judge Lovell, who I actually love and have deep respect for. I've worked before him for about 23 years. The way I worded the sentencing memorandum may have given him to believe that the double count didn't even exist. And I withdrew the objection. So I recognize today I'm here on a plain error standard. I see that clearly. But the error is plain, your honors, in that the guideline calculation is erroneous. It affects substantial rights because Judge Lovell actually gives credit to Mr. Dietz for his State time, I think a total of 14 months, and subtracts that from the low end of what he thought the guideline was. And I'm here to say I think that if we were working with the correct guideline range with a low end of 188 and still qualified for the credit, we'd have a substantially different sentence here. As I understand it, the only disagreement between you and the government at this point is not whether there was error or even plain error, but whether it was effective substantial justice in that it affected a non-mandatory guideline. Is that right? I think so. Yeah. Yeah. But I think that the swing here clearly affects substantial rights, where we're coming down from a low end of 196 to a low end of 188, and especially considering that 14-year, 14-month adjustment. I can kind of talk out of turn here. I did talk to Mr. Alme prior to the hearing, and I recognize that he lodged a 28-J letter with the Court about the 5G 1.3 reduction or adjustment. I don't know if the Court has seen that. No. But apparently the United States has reconsidered their position with respect to that and would agree that 5G 1.3 applies. So there was no error there. Counsel, there's a certain risk, is there not, in if we decide to vacate and remove the 5G 1.3, that the judge will give not only a lower sentence but a higher sentence? Yeah. That's ‑‑ I recognize that, and I can say that that matter has been thoroughly discussed. It was on the table. We came to this Court being fully aware of that. Okay. When you said thoroughly discussed, you mean thoroughly discussed you and your client, the client? Yes, Your Honor. Yes. I think that's probably all there needs to be said. Thank you, Your Honor. I, for one, don't have a 28-J letter. I don't know if my colleagues do. Was that submitted when? It was, Your Honor. Submitted when? Was it submitted? It was submitted yesterday. I see. And, Your Honor, and to simplify this, I'd ask that the 28-J letter not be considered. I filed the 28-J letter yesterday based on what we thought was an application of the 14-month credit that was done in error. On reviewing the other enhancements that were applied in the case, it looks like it did apply. So I'd just ask you not to consider the 28-J letter. I'd also like to correct one other matter. All right. So where we are, as I understand it, is that you agree that there was an error here. I gather you're not contesting whether there was a plain error here. Is that right? That's right. But the issue is, at least in your briefs, whether there was essentially some form of harmless error. That's right. But isn't there a case law directly to the contrary on that point? Well, the defendant cites U.S. v. Armstead, which is very similar. But U.S. v. Armstead can be distinguished. The critical factor in this case, Your Honor, is Judge Lovell decided on a sentence of 196 months. I want to bring up United States v. Hammonds, 558F3rd. The district court's government argued that the district court's failure to calculate the guidelines does not constitute plain error, and the conclusion was it does. Your Honor, I think under the substantial rights test, they have to – that the defendant has to demonstrate a reasonable probability that the sentence would have been different. And in this case, I don't think that they can do that. Why not? Because, Your Honor, when Judge Lovell considered all the 3553A factors, he considered other factors more weightily than he did the sentencing guidelines. The only issue, the only 3553A factor that was incorrect was the sentencing guideline range itself. But even when the guideline range is recalculated correctly, the 196-month sentence is within that range. But that doesn't really solve the problem, does it? Well, Your Honor, I would argue that it did. Under U.S. v. Hammond, that would be irrelevant. Well, Your Honor, and I have to confess, I had reviewed U.S. v. Armstead, not U.S. v. Hammond, before argument today. And in U.S. v. Armstead, it discussed the substantial rights, for substantial rights to be violated. We still have to demonstrate, or the defendant still has to demonstrate a reasonable probability that the sentence would have been different. Well, Your Honor, if we go back, what's the harm, possible harm, in this case, if we remand? Your Honor, the only harm of remanding is having the administrative burden, both on the court and on the parties, to go through the resentencing. Yes, but the person who is serving time will then have reason to believe that at least somebody has looked at what has been acknowledged as an error. That's right, Your Honor. But we would argue that it's a fruitless exercise. Judge Lovell is an example. Maybe it is. Maybe he's going to get more time. But it's an exercise that if you were the person serving the time, you might think somebody ought to take. That's certainly the defendant's position, Your Honor. Again, our position is that, you know, unlike, for instance, Ameline remands, which we're all familiar with two, three years ago, where we had no idea what a judge would do when they thought the guidelines were mandatory, and then later we found out they were advisory. We probably actually had a better idea. I mean, because in this instance, the judge did seem to be extremely influenced by what the guideline was. Well, Your Honor, if you look at the – if you look at the excerpts of Rector, particularly pages 15 through 18 and 97, where he discusses his justification for the sentence, you'll see he only gives one sentence reference to the guidelines. He spends most of his time discussing about the nature and circumstances of the offense. He talks about the history and characteristics of the defendant. But he calculated from the guidelines, right? He took the guidelines and he subtracted 14 months, and that's what he did. He started at the low end of that guideline range. Yes, he did, Your Honor. So if the guidelines had been something else, there's at least a good chance he would have done something else. Your Honor, I understand the point. But I think when you look at the factors he relied on, the sentencing range itself was a factor that, at least in his justification, he only gave one sentence reference to the guidelines.  And that's a coincidence that he happened to come up with exactly the same number of peculiar months that happened to be at the bottom of the guidelines. That's the point at which he started calculating. It was not an intuitively obvious number to start out from. Your Honor, that is a fair point. He did start at the low end of the guideline range, and he said that that's what he was doing. If I could just point out one last thing. If you take a look at the exchange that Judge Lovell had with the defendant after telling him what the sentence was going to be. And from what are you reading? I'm going to be reading from pages, excuse me, page 115 of the excerpts of record. Thank you. Judge Lovell told the defendant what the sentence would be. The defendants, and then he asked if he had any questions. The defendant basically complained, thought that the sentence was too high. Judge Lovell comes back and he says, I assume your question was, if you had an objection, would I change it? And the answer to that is no. You've been sentenced. Your Honor, I would ask that when you look at that sentence, what his statement was, basically saying if you had an objection, and I think it's reasonable for us to assume that even if it had been a legal objection about the guidelines, the Judge Lovell thought this sentence was correct. When you look at that statement that the judge made together with his weighty discussion of the other non-guideline 3553A factors, I think that the defendant has failed in his burden to prove that there's a reasonable probability that the judge would have given a different sentence. Thank you very much. Jersey, you want to add? Just in closing, Your Honor, briefly, to the extent that the government is arguing here that we should conflate the variance analysis with the correct calculation of the guideline, I don't think that that objection is well taken. The Supreme Court and this Court, I don't have the cases at the ready in my head, but I know that the law in this circuit is that we do maintain, for instance, integrity between downward departures and variances. So the guideline range is a significant thing in the list of factors to be considered. It should have been calculated correctly, and I pray that the Court will vacate and remand. Thank you. Thank you very much. Thank you, counsel. The case of United States v. Van Branch.
judges: Farris, Nelson D. W., Berzon